**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **TURN IP LLC,**<br><br>       **Plaintiff,**<br><br>    **v.**<br><br>**HUNTINGTON STATE BANK ,**<br><br>       **Defendant.** | **Civil Action No. 2:15-cv-1248**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Turn IP LLC ("Plaintiff" or "Turn"), by and through its undersigned counsel, files this Complaint against Defendant Huntington State Bank ("Hunt") as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action for Defendant's infringement of Plaintiff's United States Patent No. 5,657,461 entitled "User Interface for Defining and Automatically Transmitting Data According to Preferred Communication Channels" (the "'461 patent"; a copy of which is attached hereto as Exhibit A). Plaintiff is the owner by assignment of the '461. Plaintiff seeks monetary damages.

### PARTIES

2. Plaintiff Turn IP LLC is a limited liability company organized under the laws of the State of Texas. Plaintiff maintains its principal place of business at 555 Republic Drive, Suite 278, Plano, Texas 75074.

3. Upon information and belief, Huntington State Bank ("Hunt") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 208 Hwy 69 South, Huntington, Texas 75949. Defendant can be served with process through its registered agent, Mike Dinges, 208 Hwy 69 South, Huntington, Texas 75949.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § *et seq.*, including 35 U.S.C. § 271, 281, and 284-85, among others. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §1331 and §1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant is present within or have minimum contacts with the State of Texas and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

6. More specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the Accused Instrumentalities as detailed below. Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who use the Defendant's products and services in the State of Texas and in the Eastern District of Texas. Defendant derives substantial revenue from goods and services provided to individuals in Texas and in this district.

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

## COUNT I– INFRINGEMENT OF U.S. PATENT No. 5,657,461

8. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-7 above.

9. The '461 patent was duly and legally issued by the United States Patent and Trademark Office on August 12, 1997, after full and fair examination. Plaintiff is the owner by assignment of the '461 patent and possesses all rights of recovery under the '461 patent, including the exclusive right to sue for infringement and recover past damages.

10. Defendant owned, operated, advertised, controlled, tested, sold, and/or otherwise provided systems and methods that infringed the '461 patent. The '461 patent provides, among other things, "In a graphical user interface for communicating information between senders and receivers over a network having a plurality of network subscribers, the network providing a repository for storing a communication channel profile for each network subscriber to define preferences of data receipt for a receiver of data over the network, a method of sending information from a sender operating the graphical user interface to a selected receiver comprising the steps of: (1) selecting information at the graphical user interface for sending to the selected receiver; (2) querying the network repository for the communication channel profile of the selected receiver; and (3) sending said information to the selected receiver over a first communication channel in response to a first preference of data receipt specified in the communication channel profile of the selected receiver including the capability of altering the communication channel profile of said receiver at the graphical user interface."

11. Defendant directly or through intermediaries, made, tested, had made, had tested,

used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems and methods for defining and automatically transmitting data according to preferred communication channels, that infringed one or more claims of the '461 patent in this district and elsewhere in the United States, Particularly, Defendant made, used, tested, provided, offered for sale, and sold their product and/or service, which allowed its customers to choose their preferred method of contact such as by choosing paperless billing or allowing the customer to choose the address, e-mail, or phone number to be contacted at ("Accused Instrumentality") which directly infringed the '461 patent.

12.  Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

13.  In addition to what is required for pleadings under Form 18 for direct infringement in patent cases, and to the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the '461 Patent complied with all marking requirements under 35 U.S.C. § 287.

14.  Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against the

Defendant, and that the Court grant Plaintiff the following relief:

A. A judgment in favor of Plaintiff that Defendant has infringed one or more of the claims, directly, and/or jointly of the '461 patent;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

D. Any further relief that this Court deems just and proper.

Dated: July 8, 2015                    Respectfully submitted,

By: */s/ Austin Hansley*
**AUSTIN HANSLEY P.L.L.C.**
Austin Hansley
Texas Bar No.: 24073081
Brandon LaPray
Texas Bar No.: 24087888
Benton Patterson
Texas Bar No.: 24095088
5050 Quorum Dr. Suite 700
Dallas, Texas 75254
Telephone:    (469) 587-9776
Facsimile:    (855) 347-6329
Email: Austin@TheTexasLawOffice.com
Email: Brandon@thetexaslawoffice.com
Email: Benton@thetexaslawoffice.com
www.TheTexasLawOffice.com
**ATTORNEY FOR PLAINTIFF
TURN IP LLC**